[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution of marriage action was brought in the New Britain Judicial District on February 24, 2000. It was transferred to the Waterbury Judicial District for a trial.
The court finds the following facts.
Christine Adams and Matthew Berube were married in Southington, Connecticut on October 10, 1997. They have lived in the State of Connecticut for at least one year prior to the filing of the dissolution complaint. Their marriage has broken down irretrievably. There are two children issue of the marriage, Hanna, born January 12, 1999 and Kaitlyn, born December 9, 1999. Neither of the parties nor their children CT Page 11778 have received financial assistance from the State of Connecticut.
The marriage of the parties broke down after a tragic incident occurred on March 5, 1999 when Hanna was not quite two months old. The defendant shot the plaintiff in the back of the head. At first the plaintiff thought the shooting occurred accidentally. At approximately this time, she became pregnant with Kaitlyn. In November 1999, she concluded that her husband had shot her intentionally. The defendant maintains that the shooting was accidental. He alleges that the plaintiff was influenced by the police and her family to believe he shot her intentionally. In the months between March and November 1999, the parties dealt with the shooting by prayer and counseling. Nevertheless despite his denials, the defendant entered a plea of Nolo Contendere to charges arising from this incident. He was sentenced to 15 years in jail suspended after 5 years with 5 years probation and has been incarcerated since July 31, 2001.
During the term of the marriage, both parties were employed as registered nurses. They purchased and furnished a home. They incurred medical bills as a result of the wife's head injury and the birth of their second daughter. After the dissolution action was filed, the parties entered into an agreement providing, inter alia, that the defendant pay $252 per week as child support for the minor children and $100 per week as alimony to the plaintiff wife. The defendant paid these amounts until he left his employment before his incarceration. The parties stipulated that he owes $704 as an arrearage in child support and alimony for the period. As a result of his plea agreement, the defendant's license as a registered nurse has been suspended. He is doubtful it will be restored to him upon his release from prison.
Both parties list extensive debt on their financial affidavits, some of which is joint.
The parties' assets are scanty in comparison to their debt. Each has a life insurance policy with no cash value. They own no real estate. When the defendant failed to pay the mortgage for seven months, the house went into foreclosure. The defendant lists a Phoenix TSA Plan in the amount of $8,000 and the sum of $8,000 held in escrow. That sum resulted from the sale of his truck. The defendant claims it in order to pay his attorney's fees for the criminal action as well as the dissolution action. He also wishes his TSA account to be used to pay the premiums for his life insurance naming his sister as trustee for the minor children.
The defendant allowed his sister to take a bedroom set and television set to Massachusetts after the plaintiff left the home. The bedroom set cost $3,000 and the television set $900. CT Page 11779
The plaintiff is able to work but is subject to panic attacks as a result of the shooting.
The parties entered into an agreement concerning the custody and visitation of their children as well as the sharing of debt. Pursuant to that agreement sole custody of the minor children is awarded to the plaintiff wife. The terms of the agreement, attached hereto as Exhibit "A", are incorporated by reference into the decree.
The defendant is to transfer the $8,000 in the escrow account to the plaintiff. She shall use this sum to pay the premiums on the defendant's life insurance naming the minor children as beneficiaries until the defendant is gainfully employed.
The defendant is to transfer his TSA account to the plaintiff after paying taxes, interest and/or penalties resulting from the transfer. Within 45 days, the defendant is to return the bedroom set and television to the plaintiff. The defendant is to pay the sum of $1.00 per year alimony until the plaintiff dies or remarries or ten years from the date of the dissolution.
Within 45 days of his release from prison, the defendant is to notify the plaintiff of his release, his address and his place of employment. He shall pay child support pursuant to the then current child support guidelines. At that time he shall also be subject to a court order regarding payment of the arrearage of $704.
The plaintiff shall make reasonable efforts to keep the defendant informed as to matters regarding the health and education of the children.
All other claims for relief not addressed herein are rejected.
The court wishes to commend both attorneys for their presentation of the case. Attorney Tarpey is to be especially commended for not withdrawing legal fees from the escrow account, despite the claim of her firm to such fees. The court, while recognizing the value of services performed both in the criminal case as well as this dissolution action, nonetheless finds that the best interest of the minor children require their mother recovering whatever assets are available for their support.
SANDRA VILARDI LEHENY, J.
 SCHEDULE A
[EDITORS' NOTE: SCHEDULE A IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 11780